IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUY T. STRINGHAM,

    Plaintiff,                    No. CIV S-05-0898 GEB DAD P

    vs.

S. HUBBARD, et al.,

    Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). Pursuant to the screening requirement, the court must dismiss claims that are legally frivolous or malicious, claims that fail to state a claim upon which relief may be granted, and claims that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Similarly, when a plaintiff seeks leave to proceed in forma pauperis, the court is required to dismiss the case if the court determines that the action is frivolous or

1

1  malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a
2  defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).
3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
5  (9th Cir. 1984).  The court may dismiss a claim as frivolous where it is based on an indisputably
6  meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at
7  327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an
8  arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);
9  Franklin, 745 F.2d at 1227.
10        A claim should be dismissed for failure to state a claim upon which relief may be
11  granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim
12  that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v.
13  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
14  complaint under this standard, the court accepts as true the allegations of the complaint.  See
15  Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also construes
16  the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's
17  favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
18        In the present case, plaintiff is a state prisoner confined in California Medical
19  Facility ("CMF").  Plaintiff has sued CMF, the California Department of Corrections, which is
20  now the California Department of Corrections and Rehabilitation ("CDCR"), an acting deputy
21  director of the CDCR, the warden of CMF, and eight other employees of the CDCR.  Plaintiff
22  states that his complaint is "based on the individual listed defendants' actions that are in violation
23  of Plaintiff's protections in the Sherman Act, 15 U.S.C. §§ 1, 2, which are enforceable under the
24  due process clause in the Fourteenth Amendment to the Constitution of the United States."
25  (Compl. at 1.)
26  /////

1          The acts complained of by plaintiff commenced with the warden's
2  implementation on July 1, 2004, of new rules created by the acting deputy director regarding
3  prisoners' receipt of packages.  Pursuant to the new rules, prisoners are allowed to receive one
4  package per quarter, and each package must be sent by an approved vendor.  Prisoners are no
5  longer permitted to receive packages sent directly from family and friends, as they had done in
6  the past.  Plaintiff alleges that the new rules, implemented for the purpose of reaping financial
7  gain to the CDCR, provide no cost benefit because all packages must be opened and inspected.
8  Plaintiff further alleges that the vendor package program permits the approved vendors to charge
9  ten per cent over retail prices and does not allow families to shop for a bargain price on each item
10 ordered.  Plaintiff concludes that the defendants have established "a monopolization of the
11 market(s) for trade goods coming in to the prison system, which they are in control of; and have
12 effectively restrained the trade for goods in markets located in California, the rest of the United
13 States, and in foreign nations, that did not occur in the previous package program."  (Id. at 2-4.)
14         Plaintiff contends that the acting deputy director initiated the vendor package
15 program in defiance of the state legislature, after the defeat in 2003 of a bill that would have
16 created a vendor package pilot program at Pelican Bay State Prison, and without the approval of
17 the State.  (Id. at 4-5.)
18         Plaintiff alleges that he and his family have suffered damage from the new
19 program, "in both personal and financial harms," because his family has been deprived of the
20 opportunity to shop for bargains and purchase items from multiple vendors of their choice and
21 plaintiff himself has been deprived of products he is familiar with and prefers to products
22 available from the approved vendors.  (Id. at 6.)
23         Plaintiff asserts two claims:  (1) defendants' acts were committed in violation of
24 the Sherman Act, 15 U.S.C. § 1, by restraining trade between the States and foreign nations (id.
25 at 7-17); (2) defendants' acts were committed in violation of the Sherman Act, 15 U.S.C. § 2, by
26 monopolizing the market for goods permitted to be shipped to plaintiff (id. at 18-22).  Under the

heading "Standards of Review," plaintiff argues that the Due Process Clause guarantees his family the right to purchase goods of their choice to ship to plaintiff and that plaintiff and his family have a protected liberty interest in "the freedom of being able to make purchases from multitudes of vendors." (Id. at 22-25.)

Plaintiff requests an injunction authorizing him to receive packages containing goods purchased from any vendor and sent by any person approved to visit plaintiff in prison, as long as the package includes the person's sworn declaration that the package contains no contraband. (Id. at 25.) From each of the individual defendants, plaintiff seeks compensatory damages in the amount of $100.00 for each quarter he has been deprived of a quarterly package from family and friends, beginning on July 1, 2004, to compensate him for "financial losses incurred." (Id. at 26-28.)

The general mail regulations applicable to California state prisons provide as follows with regard to packages:

> Facilities will make available to all inmates procedures for the receipt of packages from their correspondents via departmentally-approved vendors in accordance with limits set for their assigned inmate work/training incentive group. A facility may refuse to deliver the package if the inmate is not qualified to receive the package, and dispose of the package as provided in subsection 3147(a)(5) without the need to hold the package pending appeal as provided in subsection 3147(a)(5)(B). If the package is in excess of the 30-pound limit, or is damaged, the package shall be returned to the vendor at the vendor's expense.

Cal. Code Regs. tit. 15, § 3138(d)(1) (West 2006). Section 3138(d)(1) was amended by emergency order, and a certificate of compliance with state law was transmitted to the appropriate state agency on October 28, 2004, and filed on December 14, 2004.

State regulations governing California inmates' personal property includes the following provision:

> Inmates may acquire authorized personal property packages based upon their privilege group, pursuant to section 3044. Personal property packages shall be ordered by inmates or their

4

>correspondents via a departmentally-approved vendor. All packages shall be shipped to the inmate's institution/facility by the departmentally-approved vendor in a sealed container.

Cal. Code Regs. tit. 15, § 3190(d) (West 2006). Section 3190(d) was added by emergency order, and a certificate of compliance with state law was transmitted to the appropriate administrative agency on October 28, 2004, and filed on December 14, 2004.

Section 1 of the Sherman Act declares that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations" is illegal. 15 U.S.C. § 1. Section 2 provides that "[e]very person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony." 15 U.S.C. § 2.

In 1943, the Supreme Court assumed that a raisin marketing program adopted pursuant to California law "would violate the Sherman Act if it were organized and made effective solely by virtue of a contract, combination or conspiracy of *private persons*, individual or corporate," but the Court found "nothing in the language of the Sherman Act or in its history which suggests that its purpose was to restrain a state or its officers or agents from activities directed by its legislature." Parker v. Brown, 317 U.S. 341, 350-51 (1943) (emphasis added). The Parker "state action" exemption extends to "a state executive branch, when operating within its constitutional and statutory authority." Deak-Perera Hawaii, Inc. v. Department of Transportation, 745 F.2d 1281, 1283 (9th Cir. 1984). State agencies and state executives "are entitled to Parker immunity for actions taken pursuant to their constitutional or statutory authority, regardless of whether . . . particular actions or their anticompetitive effects were contemplated by the legislature." Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc., 810 F.2d 869, 876 (9th Cir. 1987). Allegations that a state executive or a state agency misused its authority do not nullify state-action immunity. Lancaster Community Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 402 & n.10 (9th Cir. 1991).

1    Because actions taken by or at the direction or approval of state governmental
2 bodies or state executives are exempt from the antitrust laws set forth in the Sherman Act,
3 plaintiff's claims under both sections of the Act are legally frivolous and fail to state a claim
4 upon which relief may be granted.  See Equels v. California Dep't of Corrections, No. CIV S-03-
5 2589 FCD KJM P, 2005 WL 1366474 (E.D. Cal. May 12, 2005) (recommending dismissal of
6 state prisoner's Sherman Act claim and rejecting the prisoner's argument that the CDC's vendor
7 package regulation was improperly adopted as an emergency regulation), adopted by Order filed
8 June 7, 2005, aff'd sub nom. Equels v. Alameida (9th Cir. 2005); Taylor v. Ornoski, No. C 06-
9 2224 MMC (PR), 2006 WL 1646148, at *1 (N.D. Cal. June 14, 2006) (dismissing state
10 prisoner's claim that California prison officials violated the Sherman Act when they promulgated
11 regulations that restrict the vendors authorized to deliver packages to inmates); Gibson v. Walco,
12 Co., No. C 95-2430 VRW, 1995 WL 681274, at *1 (N.D. Cal. Nov. 6, 1995) (dismissing state
13 prisoner's claim that vendors violated the Sherman Act by contracting with state prison officials
14 to be the sole supplier of electrical appliances where the contract furthered legitimate security
15 concerns).

16    The court has considered plaintiff's assertion that the Due Process Clause
17 contained in the Fourteenth Amendment gives him a right to make purchases from multitudes of
18 vendors.  The Due Process Clause protects persons against deprivations of life, liberty, and
19 property without due process of law.  It does not guarantee prisoners a right to purchase property
20 from multitudes of vendors or to purchase property at all.

21    Although protected property interests may arise from state law, plaintiff has cited
22 no California law that gives him a protected interest in making purchases from multitudes of
23 vendors.  Penal Code § 2600 provides that state prisoners may be deprived of their civil rights
24 when reasonably related to legitimate penological interests.  Among the civil rights listed in
25 Penal Code § 2601 as rights retained by prisoners, subject to the provisions of § 2600, is the right
26 to inherit, own, sell, or convey real or personal property.  The right does not extend to possession

of any particular property in prison. Plaintiff's own due process claims are therefore legally frivolous and fail to state a claim upon which relief may be granted. Plaintiff lacks standing to allege the due process claims of other persons, and such allegations will be disregarded.

It is evident that plaintiff cannot amend his pleading to state any claim upon which relief may be granted. The complaint should be dismissed without leave to amend, and this action should be dismissed with prejudice. See Coakley v. Murphy, 884 F.2d 1218, 1221-22 (9th Cir. 1989).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis be denied; and

2. This action be dismissed with prejudice as legally frivolous and for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 25, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
stri0898.56